# Grim to use *v.* Rohn, Appellant.

*Practice, C. P.—Amendment—Form of action—Statement of claim— Trespass—Assumpsit.*

1. Where the parties to an action of trespass agree that the case be amended so as to change the form of action to assumpsit, and the case goes to trial without amendment of the statement, and a verdict and judgment is rendered for plaintiff, the appellate court will consider the statement as amended so as to conform to the evidence showing a cause of action in assumpsit.

2. In such a case as the cause of action is founded upon a contract, so much of the original statement as sounded in tort, may be waived, and the action of assumpsit maintained.

*Landlord and tenant—Way-going crops—Lease.*

3. Where by the terms of a lease the tenant is to receive one-half of the crops and the landlord one-half, a provision in the lease that "when the lessee leaves said farm he must leave the crops sowed for

his successor to harvest for the fourth bushel" does not increase the landlord's share. The outgoing tenant is entitled to one-fourth after the incoming tenant receives his one-fourth for the harvesting.

Argued Dec. 4, 1912. Appeal, No. 125, Oct. T., 1912, by defendant, from judgment of C. P. Northampton Co., April T., 1910, No. 13, on verdict for plaintiff in case of Edwin Grim to use of Henry D. Sittler v. Emma E. Rohn. Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ. Affirmed.

Trespass (amended to assumpsit) to recover outgoing tenant's share of crops. Before STEWART, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $151.11. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*C. T. Smith*, of *Smith, Paff & Laub*, for appellant.— Where suit is brought for an amount due under a contract, recovery of damages for a breach cannot be had: Lucas v. Ætna Indemnity Co., 32 Pa. Superior Ct. 148; Hennessy v. Anstock, 19 Pa. Superior Ct. 644; Clark v. Lindsay, 7 Pa. Superior Ct. 43.

*Fred B. Gernerd, Pennell C. Evans* and *Clarence Beck*, for appellee.—It has been repeatedly held that after a trial on the merits of the case any defect in the pleadings will not be considered as fatal unless it is shown to have injuriously affected the trial, and a proper amendment will be considered to have been made: Stuart v. Line, 11 Pa. Superior Ct. 345; Windows v. Rudolph, 37 Pa. Superior Ct. 264; Trainor v. Phila. & R. R. R. Co., 137 Pa. 148; Chapin v. Cambria Iron Co., 145 Pa. 478; Eckert v. Schoch, 155 Pa. 530; Com. v. Press Co., 156 Pa. 516; Lebanon National Bank v. Karmany, 98 Pa. 65.

If a more formal amendment of the statement is re-

garded as necessary so as to make the trial and the amendment conform to the record and the evidence, it may be done by the allowance of the appellate court: Taylor v. Sattler, 179 Pa. 451; Kroegher v. McConway & Torley Co., 149 Pa. 444.

The cause of action being founded upon a contract so much of the original statement sounding in tort may be waived and the action of assumpsit maintained: Pearsoll v. Chapin, 44 Pa. 9; Dundas v. Muhlenberg, 35 Pa. 351; Boyer v. Bullard, 102 Pa. 555.

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiff's action was originally trespass. The declaration filed set forth that the defendant leased to the plaintiff a farm to be worked on shares for one year from April 1, 1907; that the lessee was entitled to one-half of the way-going crops as shown by the lease attached to and made a part of the statement of claim; that the plaintiff's share was harvested and marketed at the direction of the defendant and that she converted it to her own use without the consent or concurrence of the tenant and that the plaintiff had sustained damage in the sum of $275. for which the suit was brought. In reply to a rule to plead entered by the plaintiff the defendant filed an answer in effect demurring to the statement of claim, alleging that the facts averred did not support an action of trespass. This answer was sustained by the court; whereupon, the counsel for the plaintiff and defendant entered into an agreement that the case be amended so as to change the form of action from trespass to assumpsit without a rule to that effect and be placed on the trial list for May term of the same year. No formal change was made in the statement of claim, and at the trial the defendant objected to the introduction of the plaintiff's evidence on the ground that the statement was for damages for a tort and the evidence offered was on a contract. The first and second assignments refer to this branch of the case. The question to be considered, then, is whether

the declaration contained such a statement of facts as will support an action of assumpsit. The change of the form of action did not change the facts and they constitute the foundation of the plaintiff's right to recover. The concise statement of the plaintiff's demand required by the practice act is one which expresses in reasonably comprehensive and brief form the facts which constitute the cause of action. Viewing the statement and the attached copy of the lease it clearly appears that the plaintiff's claim is for the loss of his share of the way-going crop which the defendant took and converted to her own use. The action could not be maintained as trespass because the lease gave authority to the succeeding lessee and perhaps to the lessor to harvest and sell the way-going crop, and any right which the latter had in that crop would therefore be demandable in an action of assumpsit, but the same facts which were involved in the action of trespass enter into the action of assumpsit except that in the former a conversion was necessary, whereas, in the latter a promise arising out of the sale of the grain is implied. When the record was amended by changing the form of action the statement of claim which was a part of the record was impliedly amended to conform thereto to the extent to which it set forth a cause of action cognizable in assumpsit. If a particular amendment of the statement were required it might have been allowed in the court below and may be allowed and filed here in order that the trial on the merits might conform to the declaration and the evidence: Taylor v. Sattler, 179 Pa. 451. An amendment which would have been made in the court below on motion to make the record conform to what was then tried will be considered as having been made: Trainor v. R. R. Co., 137 Pa. 148. The same testimony which would support the action of trespass would be available in the case after the amendment, for the plaintiff might waive the tort and sue in assumpsit the defendant having sold the property. No new element was introduced into the case and it does not appear from the

evidence that the defendant was precluded from presenting any testimony which she had which negatived the plaintiff's right of recovery. The appellant lays stress on the fact that the agreement to change the form of action provided that it was to be done without "prejudice to any of the defendant's rights, technical and on the facts." Just what was in the minds of the counsel as the purpose of this clause of the stipulation is not quite clear. Manifestly it does not relate to the change of the form of action. It perhaps reserves to the appellant the right to object to the sufficiency of the statement of claim, but this might have been done without specially reserving the right. We regard the statement as sufficient, however, to support the action and as the case was tried on its merits if it were not in conformity to the requirements of strict pleading the statement should be here amended to conform to the facts as tried. If then the defendant sold wheat to which the plaintiff was entitled as a waygoing tenant she is liable for the value of the wheat. The defendant contends, however, that the going tenant was not entitled to any of the crop. The lease provides among other things that the tenant shall pay to the defendant as rent, "one-half of all the winter and summer grain and screenings growing on said farm to be divided at each thrashing and hauled away, both shares together when so ordered by lessor. The grain when not hauled away at once the said party of the first part's share is to be put in the granary on the east side of the barn which the lessor reserved for that purpose." This is a plain and direct statement that the tenant is entitled to one-half of the winter grain and that was the wheat about which this controversy has arisen. If there were nothing more in the lease there could be no possible doubt that the tenant was entitled to one-half of the wheat. But the defendant appeals to another clause in the lease as justifying her in the appropriation of it to her own use. That provision is in the words following: "When lessee leaves said farm he must leave the crops

sowed out for his successor to harvest, thrash and to take to market for the fourth bushel." This has reference to the new tenant rather than to the landlord. For reasons of convenience or because it was deemed desirable by the landlord or the incoming tenant the latter was authorized to ·harvest and market the wheat and for his labor in so doing was entitled to one-fourth of the grain. But this does not give the landlord any interest in the tenant's share. The preceding provision of the lease gave the tenant two-fourths of the crop. The clause last quoted takes one-fourth away from him and gives it to the new tenant for which the latter is to harvest, thrash and market it. We do not find anywhere in the lease an agreement that the landlord shall have more than one-half of the winter crops. We concur with the court below in the conclusion that for one-fourth of the wheat sold by the defendant, the proceeds of which she retained, she should account to the plaintiff.

The assignments are overruled and the judgment affirmed.